Matter of McGowan (2020 NY Slip Op 02323)





Matter of McGowan


2020 NY Slip Op 02323


Decided on April 16, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


[*1]In the Matter of Matthew J. McGowan, admitted as Matthew Joseph McGowan, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Matthew J. McGowan, respondent. (Attorney Registration No. 4045332.)



APPLICATION pursuant to 22 NYCRR 1240.10 by Matthew J. McGowan, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 24, 2002, under the name Matthew Joseph McGowan, to resign as an attorney and counselor-at-law.



Gary L. Casella, White Plains, NY (Michael J. Kearse of counsel), for petitioner.
Matthew J. McGowan, Rye Brook, NY, respondent pro se.



PER CURIAM


OPINION & ORDER
. The respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, has submitted an affidavit sworn to on November 14, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is the subject of eight investigations conducted by the Grievance Committee for the Ninth Judicial District. He further acknowledges that the allegations include the following acts of professional misconduct:
1. that during his representation of Andrew Bisagna in a matrimonial action in January 2019, he issued a check, drawn on his attorney IOLA account, in the amount of $12,500, payable to Makenzie Rodgers, his client's former spouse, in payment of child support obligations, and that the check was dishonored because there were insufficient funds in his attorney IOLA account;
2. that in February 2019, he issued a check in the amount of $18,870, drawn on his attorney IOLA account, payable to Denise Grasso, and the check was dishonored because there were insufficient funds in his attorney IOLA account;
3. that in March 2019, he issued a check in the amount of $3,542, drawn on his attorney IOLA account, payable to Jennifer Berry, and the check was dishonored because there were insufficient funds in his attorney IOLA account;
4. that in March 2019, he issued a check in the amount of $5,000, drawn on his attorney IOLA account, payable to Janet M. Sully-Dooley, and the check was [*2]dishonored because there were insufficient funds in his attorney IOLA account;
5. that he received $16,271.36 from his client Henry Dong, to be disbursed in payment of his child support obligation and his daughter's college tuition in April and May 2019, respectively, that he failed to return those funds to his client, that he failed to disburse those funds as directed, and that he willfully misappropriated those funds;
6. that in January 2017, he received a personal injury settlement totaling $18,000 on behalf of his client Georgiana Krisch, that he failed to disburse any of the $18,000 settlement funds to his client, that following the death of Georgiana Krisch in February 2019, he told her daughter, Deborah Schmidt, that he would pay the settlement funds to her, that he failed to do so, and that he willfully misappropriated those funds;
7. that in January 2019, he accepted a retainer fee of $10,000 from his client Edward J. Schroeder, that he failed to take any legal action on his client's behalf, that when Edward J. Schroeder demanded a return of the retainer, he issued two checks to him, both of which were dishonored, and that he willfully misappropriated the $10,000 retainer; and
8. that he failed to register as an attorney for the 2018-2019 registration period.
The respondent attests that he cannot successfully defend against the allegations based upon the facts and circumstances of his above described professional misconduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors at law.
The respondent consents to entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to the following individuals: (1) Makenzie Rodgers in the amount of $12,500; (2) Denise Grasso in the amount of $18,870; (3) Jennifer Berry in the amount of $3,542; (4) Janet M. Sully-Dooley in the amount of $5,000; (5) Henry Dong in the amount of $16,271.36; (6) Deborah Schmidt in the amount of $18,000; and (7) Edward J. Schroeder in the amount of $10,000. He further acknowledges that he will reimburse the Lawyers' Fund for Client Protection for any sum that it awards to any other individuals who filed or may file claims against him.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted. In view of the foregoing, the Grievance Committee asks that a motion by order to show cause seeking, inter alia, the respondent's interim suspension, now pending before this Court, be withdrawn.
Inasmuch as the proffered affidavit to resign complies with 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON, and ROMAN, JJ.,concur.
ORDERED that the application of the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Makenzie Rodgers, Denise Grasso, Jennifer Berry, Janet M. Sully-Dooley, Henry Dong, Deborah Schmidt, and Edward J. Schroeder; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Makenzie Rodgers, Denise Grasso, Jennifer Berry, Janet M. Sully-Dooley, Henry Dong, Deborah Schmidt, and Edward J. Schroeder, the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, shall make monetary restitution to (1) Makenzie Rodgers in the amount of $12,500, (2) Denise Grasso in the amount of $18,870, (3) Jennifer Berry in the amount of $3,542, (4) Janet M. Sully-Dooley in the amount of $5,000, (5) Henry Dong in the amount of $16,271.36, (6) Deborah Schmidt in the amount of $18,000, and (7) Edward J. Schroeder in the amount of $10,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Makenzie Rodgers, Denise Grasso, Jennifer Berry, Janet M. Sulley-Dooley, Henry Dong, Deborah Schmidt, and Edward J. Schroeder, the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, shall make partial restitution to those individuals to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Matthew J. McGowan, admitted as Matthew Joseph McGowan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the pending motion of the Grievance Committee for the Ninth Judicial District for, inter alia, the respondent's interim suspension is marked withdrawn.
ENTER:
Aprilanne Agostino
Clerk of the Court